1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
CURTIS A. PARROTT, )
) Civil Case No. C17-0044RSL
     Plaintiff, )
  v. )
) ORDER GRANTING IN PART
THE CITY OF BELLINGHAM, *et al.*, ) MOTION FOR JUDGMENT ON
) THE PLEADINGS
     Defendants. )
_____)

  This matter comes before the Court on "Defendants' Rule 12(c) Motion for Partial Judgment on the Pleadings." Dkt. # 7. Plaintiff alleges that he called 911 to report that his daughter had assaulted him, but when the police officers responded, they heard conflicting stories regarding who was the aggressor and decided to place plaintiff under arrest. Plaintiff was instructed to put his hands behind his back but "told the officer that he could not do that," that "it was painful to put his arms together behind his back," and that he had "preexisting injuries to his right arm and his right wrist." Dkt. # 1 at ¶¶ 39-40 and ¶ 42. Plaintiff's wife, who was also at the scene, asked the officers to be gentle because of plaintiff's preexisting injuries. Dkt. # 1 at ¶ 41. Plaintiff asked if he could be handcuffed with his arms in front of him, but the officers insisted that he bring his arms behind his back and put his hands together. Dkt. # 1 at ¶ 43. Plaintiff put his arms back, but could not bring them together. One officer held plaintiff while the other

ORDER GRANTING IN PART MOTION FOR
JUDGMENT ON THE PLEADINGS - 1

"wrenched his left arm violently, causing extreme pain, and, as Parrot later discovered, serious injury." Dkt. # 1 at ¶¶ 44-45. Plaintiff alleges that he had previously suffered injuries to his right shoulder, right arm, and right wrist and that the defendant officers tore the rotator cuff in his left shoulder when they forced his hands together for handcuffing. Dkt. # 1 at ¶¶ 41 and 56. Plaintiff has asserted excessive force, assault and battery, and negligence claims against the officers and/or their municipal employer based on these allegations. Plaintiff also alleges that defendants violated his rights under the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD") by failing to reasonably accommodate his disability during the arrest. Defendants seek dismissal of all claims except the federal excessive force claim against defendant Jacob Esparza.

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New

ORDER GRANTING IN PART MOTION FOR
JUDGMENT ON THE PLEADINGS - 2

Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

Having reviewed the complaint and the memoranda submitted by the parties, the Court finds as follows:

**A. STATE LAW IMMUNITY**

Defendants argue that all of plaintiff's state law claims – assault and battery, negligence, and violations of the WLAD – are barred because the officers are statutorily immune from liability for any acts or omissions occurring during a domestic violence arrest. RCW 10.99.070 provides:

> A peace officer shall not be held liable in any civil action for an arrest based on probable cause, enforcement in good faith of a court order, or any other action or omission in good faith under this chapter arising from an alleged incident of domestic violence brought by any party to the incident.

The immunity applies to all conduct occurring in the course of a domestic violence arrest or other on-the-scene actions and protects both the officers and the municipal employer. Roy v. City of Everett, 118 Wn.2d, 352, 357-58 (1992). Courts interpreting the "good faith" requirement under RCW 10.99.070 have held that it is essentially the same as the qualified immunity analysis under federal law. Wuerfel v. City of Seattle, C03-3660JLR, 2006 WL 27207, at *11 (W.D. Wash. Jan. 5, 2006); Estate of Lee ex rel. Lee v. City of Spokane, 101 Wn. App. 158, 177 (2000). Thus, the issue is whether the officers could have believed their conduct was lawful in light of clearly established law. Defendants, having chosen not to seek dismissal of plaintiff's underlying excessive force claim, have not attempted to make that showing.[1]

---

[1] Defendants' argument is essentially that police officers are immune from claims arising out of a domestic violence report unless plaintiff alleges and proves that the officers acted in bad faith. This interpretation of RCW 10.99.070, which ignores the general purpose and intent of the domestic violence act, has been rejected by the Washington Supreme Court. Roy, 118 Wn.2d at 355-56.

ORDER GRANTING IN PART MOTION FOR
JUDGMENT ON THE PLEADINGS - 3

## B. NEGLIGENCE

Plaintiff alleges that, by forcing his arms together despite knowledge of plaintiff's injury, the officers failed to use reasonable care and tore his rotator cuff. Defendants argue that this claim is barred by the public duty doctrine because the duty to avoid the use of excessive force is owed to all citizens, not to plaintiff in particular. The public duty doctrine recognizes that an essential element of a negligence claim is a duty owed by the defendant to the individual plaintiff. Meaney v. Dodd, 111 Wn.2d 174, 178 (1988). Although the officers in this case clearly owed a duty of reasonable care to the public, plaintiff argues that the legislative intent exception to the public duty doctrine applies. See Cummins v. Lewis County, 156 Wn.2d 844, 852 (2006).

The legislative intent exception gives rise to a duty to plaintiff if the legislature has enacted legislation for the protection of persons in plaintiff's class. Taylor v. Stevens County, 111 Wn.2d 159, 164 (1988). Plaintiff relies on the ADA and the WLAD, arguing that both statutes identify specific classes of people who are protected under the law, including persons with physical disabilities. As was the case in Washburn v. City of Fed. Way, 178 Wn.2d 732, 755-56 (2013), the legislature's stated intent to protect a certain group of persons who were the subject of wrongful acts – harassment in Washburn, discrimination here – gives rise to a duty under the legislative intent exception. The public duty doctrine does not bar plaintiff's negligence claim.

Defendants further argue that, because the WLAD and the ADA provide private causes of action to enforce their protections, plaintiff must satisfy the elements of his statutory claims and cannot supplant or short-cut the analysis by pursuing a negligence claim based on the statutory duty. In the context of emotional distress claims, the courts of Washington generally agree that a plaintiff may not maintain a separate and duplicative tort claim based on the same facts giving rise to a WLAD claim. Santos v. Wash. State Office of Ins. Comm'r, 177 Wn. App. 1030, 2013 WL 6046091, at *15 (2013). While it certainly makes sense that a plaintiff should be precluded

ORDER GRANTING IN PART MOTION FOR
JUDGMENT ON THE PLEADINGS - 4

from bringing a duplicative and more general tort claim if a specific statutory claim governs defendants' conduct, defendants have not cited any case law for this proposition. The Court declines to decide this issue on the record before it.

Finally, defendants argue that plaintiff's claims are based on intentional acts which cannot form the basis of a negligence claim. Negligence generally encompasses a broader spectrum of conduct than an excessive force claim under the Fourth Amendment. See Mulligan v. Nichols, 835 F.3d 983, 991 (9th Cir. 2016). Reading the non-conclusory allegations of the complaint in plaintiff's favor, they could support a finding of non-intentional injury if plaintiff is unable to prove his underlying excessive force claim.

**C. DISABILITY DISCRIMINATION CLAIMS**

Defendants argue that plaintiff has failed to adequately allege that he has a disability under the ADA and/or the WLAD, that he was denied services or benefits because of it, or that the officers acted with discriminatory intent.[2] Neither intentional discrimination nor exclusion from a service, program, or activity are elements of the failure to accommodate claims plaintiff has asserted. The Court therefore considers only whether plaintiff's allegations of disability are adequate.

The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities," such as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(1)(A) and (2)(A). Plaintiff alleges that, at the time of his arrest, he had a pre-existing shoulder injury that made it difficult for him to raise his arm to slap his daughter or to put his hands together behind his back. He has alleged both a physical impairment and limitations

---

[2] Having chosen not to take a position on whether the ADA applies in the context of an arrest (Dkt. # 7 at 8), defendants are not entitled to judicial consideration of that issue.

ORDER GRANTING IN PART MOTION FOR
JUDGMENT ON THE PLEADINGS - 5

associated with that impairment. Defendants, however, argue that these limitations are not substantial or important enough to qualify as a disability.

Defendants' argument would have been more persuasive prior to 2011. As discussed in Sanders v. Arneson Prods., Inc., 91 F.3d 1351, 1354 (9th Cir. 1996), the then-regulations suggested that courts should scrutinize the severity and temporal impact of an impairment to determine whether it qualified as a disability under the ADA. The ADA was amended in 2008, and the implementing regulations were substantially revised in 2011. It is now clear that the phrases "major life activities" and "substantially limits" are to be broadly interpreted and do not impose a demanding standard for disability. 29 C.F.R. § 1630.2(i)(2) and (j)(1)(i). The threshold issue of whether an impairment "substantially limits"' a "major life activity" requires individualized assessment, and it "should not demand extensive analysis." 29 C.F.R. § 1630.2(j)(1)(iii) and (iv). Plaintiff's allegations raise a plausible inference of disability under the lower threshold set forth in the current regulations. While there is a lack of clarity regarding the seriousness or permanence of plaintiff's injury, those issues are no longer part of the definition of "disability" but rather provide a potential defense under 29 C.F.R. § 1630.15(f). The Court finds that plaintiff has adequately alleged a physical impairment that prevents him from performing tasks and moving as most people in the general population can. 29 C.F.R. § 1630.2(j)(1)(ii). That is sufficient to withstand this motion to dismiss.

The definition of disability is broader under the WLAD than under the ADA. Hale v. Wellpinit Sch. Dist. No. 49, 165 Wn.2d 494, 502 (2009). Defendants have offered no WLAD-specific arguments that would support dismissal of this claim when the ADA claim survives.

**D. ADA - OFFICER LIABILITY**

Defendants argue, and plaintiffs do not dispute, that individuals cannot be held liable under the ADA. This defect cannot be remedied by amendment.

1  For all of the foregoing reasons, defendants' motion for partial judgment on the pleadings
2  (Dkt. # 7) is GRANTED in part. Plaintiff's ADA claim against Officers Esparza and Yoder is
3  hereby dismissed with prejudice. Plaintiff's other claims may proceed.

Dated this 31st day of July, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge